**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORGE LEMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY DIMENSIONS CONSTRUCTION SERVICES, INC., JOHNNY PARADA., ABC CO. 1 through 10, and JOHN DOE 1 through 10.<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, through his undersigned counsel, The Law Offices of Thomas H. Andrykovitz, P.C., respectfully alleges the following:

**STATEMENT OF THE CASE**

1. This is a collective and class action brought by Representative Plaintiff JORGE LEMA ("Plaintiff LEMA" or "Named Plaintiff") on behalf of himself and all members of the proposed collective and class, as defined below (collectively, "Plaintiffs") who work or have worked for CITY DIMENSIONS CONSTRUCTION SERVICES, INC. and JOHNNY PARADA.

2. CITY DIMENSIONS CONSTRUCTION SERVICES, INC. (the "Corporate Defendant") is, and at all times herein pertinent was, owned and operated by Defendant JOHNNY PARADA ("PARADA"), (also referred to as the "Individual Defendant") (collectively, Individual Defendant and Corporate Defendant are referred to as the "Defendants").

3. The Defendants are in the construction business and operate a single integrated enterprise. Defendants jointly employed the Plaintiff and employed and continued to employ all

of those similarly situated. The enterprise is centrally controlled by Defendant PARADA, who owns, manages, and oversees the enterprise.

4. Defendants willfully and intentionally committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL") by engaging in a pattern and practice of intentionally failing to pay Plaintiff, and others similarly situated, for each hour worked, including overtime. Defendants willfully and intentionally failed to record all the time that Plaintiff, and others similarly situated, worked, including time worked in excess of forty (40) hours per week, as part of their illegal policy. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from Defendants: unpaid wages, unpaid overtime, liquidated damages, pre-judgement and post-judgement interest, and attorneys' fees and costs.

5. Plaintiff further alleges, pursuant to the NYLL, that he is entitled to recover from Defendants: unpaid wages, including spread of hours, unpaid overtime, liquidated damages, up to five thousand dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, up to five thousand dollars ($5,000.00) for Defendants' failure to provide paystubs that accurately and truthfully listed Plaintiff's hours and other legally required information, nine percent (9%) simple pre-judgement interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, post-judgement interest, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's claims under the New York Labor Law ("NYLL"), as they are so related to the claims in this action within the Court's

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants' principal place of business is in New York County, Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9. Plaintiff JORGE LEMA is an adult individual who was, at all times relevant herein, a resident of the State of New York, and an employee of the Defendants for the last eight (8) years. Copies of Plaintiff LEMA'S recent paychecks are attached hereto as *Exhibit A*.

10. Defendant CITY DIMENSIONS CONSTRUCTION SERVICES, INC. ("CITY DIMENSIONS"), is a domestic corporation with a principal address of 220 Wadsworth Avenue, Suite 202, New York, New York 10033.

11. Defendant CITY DIMENSIONS provides residential and commercial construction, renovation, and general contracting services, and is authorized to do business in the State of New York.

12. Defendant CITY DIMENSIONS operates a website located at www.citydimensions.com.

13. Upon information and belief, Defendant CITY DIMENSIONS is a business engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year during the relevant time period. More specifically, in part, Defendants purchase supplies from all over the metropolitan area. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and produces, which moved

through interstate channels so as to produce an end product for Defendants' customers. Thus, Plaintiff and those similarly situated employees fall within the protections of the FLSA.

14. Defendant JOHNNY PARADA ("PARADA") is an adult individual who, upon information and belief, resides in the State of New York and/or resided in the State of New York throughout the relevant time period.

15. Upon information and belief, at all times relevant to this lawsuit, Defendant PARADA has been an owner, partner, officer, and/or manager of Defendant CITY DIMENSIONS.

16. At all times relevant to this lawsuit, Defendant PARADA had the power to hire and fire employees, set employee wages, retain time and payroll records, and otherwise control the terms and conditions of all employees, including Plaintiff, the proposed collective, and the proposed class.

17. Upon information and belief, Defendant PARADA owned or controlled the other Defendants throughout the relevant time period.

18. Defendants ABC CO. 1 through 10 are fictitious entities, the identities of which are unknown at present, but are liable to Plaintiffs by reason of their knowing and joint participation in the conduct that damaged Plaintiffs pursuant to the doctrine of *respondeat superior*, or are otherwise responsible to Plaintiffs for the wrongful conduct referred to herein.

19. Defendants John Does 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiffs by reason of their knowing and joint participation in the conduct that damaged Plaintiffs, and who aided and abetted, ratified, authorized, acquiesced in, approved or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein

and/or who engaged in intentional and/or reckless extreme and outrageous conduct, which caused Plaintiffs harm.

20. Defendants CITY DIMENSIONS, PARADA, ABC Co. 1 through 10, and John Does 1 through 10 (collectively referred to as the "Defendants"), jointly and severally shared ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

21. Defendants exercised sufficient control of day-to-day operations to be considered Plaintiffs' employers under the FLSA and New York Labor Law.

22. At all relevant times herein, Defendants were, and continue to be, single and joint employers and have had a high degree of interrelated and unified operation, and shares common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and interrelated business goals.

**COLLECTIVE ACTION ALLEGATIONS**

23. Named Plaintiff brings Count One as a collective action to recover overtime compensation and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on his own behalf as well as on behalf of those in the following collective: All non-exempt employees of Defendants on or after three (3) years before the date this lawsuit is filed.

24. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

25. Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid complete premium overtime compensation for hours worked beyond forty (40) in any single work week.

26. The Named Plaintiff and the Collective Members have performed tasks which were assigned to them by Defendants, and/or Defendants have been aware of all of the work that they have performed and have suffered and permitted them to perform all such tasks.

27. Defendants have exercised sufficient supervision, direction, and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their hours and their compensation, as well as policies and practices they were required to follow.

28. As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

   a. Willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   b. Willfully failing to record all of the time that they have worked for the benefit of the Defendants.

29. Defendants' unlawful conduct pled herein constitutes a common policy and practice enacted across all of these entities of minimizing labor costs by failing to properly compensate the Named Plaintiff and the Collective Members for the overtime hours they have worked.

30. Defendants are aware or should have been aware that federal law required them to pay the Named Plaintiff and the Collective Members overtime premiums for all hours worked in excess of forty (40) per workweek.

31. The Named Plaintiff and the Collective Members perform or performed the same or similar primary duties.

32. Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

33. There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

34. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## **CLASS ALLEGATIONS**

35. The Named Plaintiff brings Counts Two, Three, Four, and Five, individually, and as representative of a class, under Rule 23 of the Federal Rules of Civil Procedure, consisting of all non-exempt employees of Defendants within six (6) years before the date this lawsuit is filed.

36. The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over thirty (30) individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

37. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 23 Classes as a whole.

38. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    Whether Defendants unlawfully required Plaintiff and the Rule 23 Class to work off the clock, thereby denying them overtime premiums under the NYLL;

    b.    Whether Defendants unlawfully reduced the number of hours Plaintiff and the Rule 23 Class worked in Defendants' own payroll system;

    c.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked;

    d.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for spread-of-hours pay when the length of their workday was greater than ten (10) hours;

    e.    Whether Defendants correctly compensated Plaintiff and the Rule 23 Class for all hours work in excess of forty (40) in a single workweek;

    f.    Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Plaintiff and the Rule 23 Class;

    g.    Whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with annual wage notices, as required by the NYLL;

    h.    Whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with proper wage statements with every payment of wages, as required by the NYLL;

    i.    Whether Defendants' policy of failing to properly pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

    j.    The nature and extent of class-wide injury and the measure of damages for those injuries.

39.     The claims of the Named Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Named Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as laborers. The Named Plaintiff and the Rule 23 Class Members enjoy the same

statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid overtime compensation, and to receive legally required wage notices. The Named Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

40. The Named Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; he understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; he recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; he understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class; he recognizes that any resolution of a Class action must be in the best interests of the Class; and he understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial. The Named Plaintiff has retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiff and the Rule 23 Class Members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the

expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgements with respect to Defendants' practices.

42. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

43. Defendants committed the following acts knowingly, intentionally, and willfully.

## **NAMED PLAINTIFF'S FACTUAL ALLEGATIONS**

44. Based upon the information preliminarily available, and subject to discovery in this case, the Defendants did not properly compensate Plaintiff for the overtime hours that he worked in a given workweek.

45. Plaintiff LEMA was employed as a laborer by Defendants from 2013 until about April 13, 2021.

46. At all times material hereto, Plaintiff performed non-exempt laborer duties for Defendants in New York City.

47. Plaintiff LEMA's work schedule was set by Defendant PARADA.

48. Plaintiff LEMA was not permitted to take time off from work unless Defendant PARADA gave him permission.

49. Defendant PARADA supervised Plaintiff LEMA's work.

50. Defendants provided Plaintiff LEMA with substantially all the equipment needed for Plaintiff LEMA to perform his job duties.

51. Plaintiff LEMA's wages were paid by Defendant CITY DIMENSIONS.

52. Defendant PARADA signed Plaintiff LEMA's paychecks.

53. Defendants never paid Plaintiff LEMA an hourly wage.

54. From about April 15, 2013 through December 31, 2015, Defendants paid Plaintiff LEMA $120.00 per day.

55. From about January 1, 2016 through about January 9, 2020, Defendants paid Plaintiff LEMA $150.00 per day, regardless of the number of hours he worked each workweek.

56. From about January 10, 2020 through about April 16, 2021, Defendants paid Plaintiff LEMA $165.00 per day, regardless of the number of hours he worked each workweek.

57. Throughout the relevant time, Plaintiff LEMA worked Monday through Saturday, inclusive from 8:00 a.m. until approximately 5:00 p.m. or later.

58. Plaintiff LEMA occasionally worked until 6:30 p.m. or 7:00 p.m.

59. Defendants suffered or permitted Plaintiff LEMA to work over forty (40) hours in a single workweek and failed to pay Plaintiff LEMA the proper overtime premium compensation for all hours over forty (40) in a single workweek.

60. Defendants suffered or permitted Plaintiff LEMA to work over ten (10) hours per day and did not pay Plaintiff LEMA one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of Plaintiff LEMA's workday was greater than ten (10) hours.

61. Plaintiff LEMA's work schedule was controlled by Defendants.

62. Defendant PARADA set Plaintiff LEMA's hours.

63. Upon information and belief, Defendants did not track Plaintiff LEMA's worktime.

64. Upon information of belief, Defendants did not maintain accurate records of Plaintiff LEMA's worktime.

65. Throughout the relevant time period, Plaintiff LEMA's job duties included, but were not limited to, painting, plastering, demolition, drywalling, tiling, and wall framing.

66. Plaintiff LEMA usually worked between forty-eight (48) to sixty-six (66) hours per week.

67. Defendants never paid Plaintiff LEMA the legally required overtime premium.

68. Throughout the relevant time period, Defendants did not provide the Named Plaintiff with notices, or provided statutorily deficient notices, of the Named Plaintiffs' wages and applicable overtime premiums at the time they were hired or when their wages increased, as required by NYLL § 195(1).

69. Throughout the relevant time period, Defendants failed to obtain and preserve signed acknowledgments from the Named Plaintiff confirming Defendants complied with their obligations under NYLL § 195(1).

70. Upon information and belief, Defendants failed to obtain and preserve signed acknowledgements from the members of the prospective class, confirming Defendants complaint with their obligations under NYLL § 195(1).

71. Throughout the relevant time period, Defendants failed to provide paystubs, and/or provided statutorily deficient paystubs, to Plaintiff LEMA.  For example, Defendants issued handwritten checks to Plaintiff LEMA without a paystub listing Plaintiff LEMA's worktime in each pay period, his regular hourly wage, and his overtime wage, as required by NYLL § 195(3). See, *Exhibit A*.

72. Upon information and belief, Defendants failed to provide paystubs, and/or provided statutorily deficient paystubs, to members of the prospective class.

73. Upon information and belief, Defendants failed to keep accurate records of wages earned or of the hours worked by the members of the prospective collective and class.

74. Upon information and belief, employees similarly situated to Plaintiff also have been and continue to be compensated improperly.

75. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA and the NYLL, as described in this complaint.

76. At all times relevant hereto, Plaintiff and similarly situated employees, were and are performing their duties for the benefit of and on behalf of Defendants.

77. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

78. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

## <u>COUNT 1</u>
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

79. The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

80. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

81. Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of forty (40) per workweek.

Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the

practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

82. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83. As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgement and post-judgement interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### (New York Overtime Violations, NYLL §§ 650 *et seq.*)
### (N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, 137-1.3)

84. The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

85. At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

86. Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

87. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

88. Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the overtime wages to which they were and are entitled under the New York Labor Law.

89. By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of forty (40) hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90. Defendants knew that the nonpayment of overtime pay would financially injure the Named Plaintiff and the Rule 23 Class Members.

91. Due to Defendants' violations of the New York Labor Law, the Named Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgement and post-judgement interest.

**COUNT 3**
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Failure to Provide Time of Hire Wage Notices)**

92. The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

93. Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94.     Through their knowing or intentional failure to provide Named Plaintiff and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

95.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars ($50.00) for each workday that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## COUNT 4
### (New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)
### (Failure to Provide Proper Wage Statements)

96.     The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

97.     Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

98. Through their knowing or intentional failure to provide the Named Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

99. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## COUNT 5
### (New York Spread of Hours Violations NYLL §§ 650 *et seq.*)
### (N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6)

100. The Named Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

101. Defendants have willfully failed to pay the Named Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than ten (10) hours.

102. Through their knowing or intentional failure to pay the Named Plaintiff and the members of the Rule 23 Class spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

103. Due to Defendants' violations of the NYLL, the Named Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread of hours wages,

liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgement and post-judgement interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiff respectfully request the following relief:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all employees who are presently working at, or who have worked at any time during the six (6) years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform the Laborers that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting U.S. Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of the Named Plaintiff as representative of the Rule 23 Class;

E.      Designation of undersigned counsel as Class Counsel;

F.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

G.      Issuance of a declaratory judgement that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

H. Unpaid overtime and spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I. Statutory penalties of fifty dollars ($50.00) for each workday that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars ($5,000.00) for each Class Member, as provided for by NYLL, Article 6 § 198;

J. Statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars ($5,000.00) each, as provided for by NYLL, Article 6 § 198;

K. Pre-judgement and post-judgement interest;

L. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

M. Reasonable attorneys' fees and costs of the action; and

N. Such other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.


Dated: New York, NY
December 24, 2021

        Respectfully submitted,

        **THE LAW OFFICES OF**
        **THOMAS H. ANDRYKOVITZ, P.C.**


        By: /s/ Thomas Andrykovitz
           Thomas H. Andrykovitz, Esq.
           260 Madison Avenue, 15th Floor
           New York, NY  10017
           T: (917) 719-0505
           thomas@thomashenrylaw.com

           *Attorneys for Plaintiff, the proposed Collective,*
           *and the proposed Class*