THE LAW OFFICES OF
# THOMAS H. ANDRYKOVITZ, P.C.
260 MADISON AVE, 15th FLOOR
NEW YORK, NY 10016
(917) 719-0505

MEMBER OF THE NY & NJ BARS                                    E-MAIL-THOMAS@THOMASHENRYLAW.COM

**VIA ECF**

August 9, 2022

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

   Re. **Jorge Lema v. City Dimensions et al.**
     **1:21-cv-11055 (PGG) (SLC)**

Dear Judge Gardephe,

  This law firm represents Jorge Lema ("Plaintiff") in the above captioned matter. With the consent of counsel for Defendants, I submit this letter requesting the Court's approval of the Parties' settlement. Annexed hereto is a copy of the Parties' fully executed Settlement Agreement (the "Agreement").

**Terms of the Agreement**

  Defendants shall pay a total settlement amount of $60,000.00, which shall be paid over the period of seven months. The first payment is due within 30 days of the Court's approval. The second payment is due within 30 days of the first payment, with each subsequent payment due within 30 days thereafter.

**Background and Litigation**

  Plaintiff worked for Defendants from 2013 until about April 16, 2021. Plaintiff brought the lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") by failing to pay Plaintiff overtime premiums, failing to issue wage notices, and failing to issue wage statements.

  Plaintiff worked six (6) days per week - Monday through Saturday. His workday began at 8:00 a.m. and ended around 5:00 p.m. Defendants occasionally directed Plaintiff to work longer hours, including working on Sunday. In exchange, Defendants allegedly paid Plaintiff a daily rate throughout his employment. These rates remained the same regardless of the nature of the work that Defendants directed Plaintiff to perform. These daily rates denied Plaintiff a significant amount of overtime compensation.

We prepared the first damage calculation based on these daily rates and Plaintiff's weekly schedule. It was labor intensive because we had to recreate most of the last six years of Plaintiff's employment. Defendants vigorously denied these claims, Plaintiff's alleged worktime, and the Parties proceeded to discovery and mediation.

The mediation took place on May 18, 2022 and again on July 20, 2022. Both parties prepared extensive mediation statements. Counsel conferred several times during that period and exchanged interrogatories and document requests. At the direction of the mediator, we prepared research for Defendants' counsel on the authority to calculate an hourly wage based on a daily/weekly payrate. The Parties, with the help of the mediator, were able to narrow the dispute and identify Defendants' difficulty in paying a significant judgment. Defendants produced limited records during the mediation that enabled Plaintiff to refine the damage calculation.

The total amount of the settlement is fair and reasonable considering the strength of the case. Neither party maintained contemporaneous time records. Therefore, Plaintiff would be required to corroborate his worktime with uncooperative third-party witnesses and limited text messages.

## Only Wage & Hour Claims are Released

Plaintiff is only settling his FLSA and NYLL wage and hour claims. He is not settling any other claims or waiving his rights to unrelated claims. There is no confidentiality provision in the settlement agreement. There is no restraint on counsel's handling of any future case against Defendants.

## The Settlement is Fair and Reasonable

The proposed settlement is fair and reasonable compromise of the disputed issues. *See Wolinsky v. Scholarstic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

(1) The settlement amount is within Plaintiff's range of recovery. Plaintiff's range of recovery was between $10,000.00 (NYLL 195 Statutory Damages) and approximately $120,000.00 (Statutory Damages plus the maximum calculated overtime damages). The maximum calculated overtime damages were vulnerable to discount factors such as holidays and shutdown from the COVID-19 pandemic. Here, Defendants' ability to pay a significant judgment is a major factor.

(2) The settlement will enable the parties to avoid unanticipated burdens and expenses in establishing their respective defense. Substantiating Plaintiff's claims would present certain problems with respect to winning at trial. The witnesses that Plaintiff would need to corroborate his claims at trial were unwilling to come forward and would likely be uncooperative. Also, Plaintiff would need to examine Defendants' claim that Plaintiff received regular cash payments in addition to the payments he received by check. That would require review an analysis of years of bank records, assuming those records still exist.

(3) Plaintiff faced serious litigation risks.  Plaintiff needed additional witnesses to prove his case.  Plaintiff had to establish his worktime over the last six years without the help of contemporaneous time records or favorable witnesses.  This is not an easy hurdle because the was substantial evidence against the Plaintiff.  Plaintiff also needed to establish that he was an employee and not an independent contractor.  This again is a complicated issue with a very detailed factual inquiry.  Defendant, with his access to current employees, would have the advantage of arranging the witnesses and securing their participation.

(4) The agreement was the product of an arms-length negotiations.  The attorneys for the parties were deadlocked and relied on the mediator to break through the deadlock.  Correspondence between counsel would demonstrate that neither attorney colluded with the other, and that both counsels vigorously advocated for their clients through the drafting of the settlement documents.  Both attorneys are well versed in the FLSA and instinctively knew the strengths and weaknesses of this case.

(5) There was no possibility of fraud or collusion as both attorneys were ready to litigate if the July 20, 2022 mediation failed.  On that date, Defendants discovery responses were past due and Plaintiff prepared to file a discovery motion if the case had not settled.

### Collecting from a Small Construction Company Presents Problems

Whether Defendants could pay a significant judgment became a serious concern by the second mediation.  Based on certain information shared during the mediation, Plaintiff agreed to accept the settlement amount over a period of seven months in exchange for a confession of judgment in the amount of $120,000.00.  The confession will be held in trust by Plaintiff's counsel and destroyed upon successful completion of all settlement payments.

### Attorneys' Fees

Under this agreement, Plaintiffs' attorneys' fees are $22,516.00, approximately thirty-eight percent (38%) of the net recovery.  The total costs were $732.00.[1]  Also, at no cost to Mr. Lema, my firm hired a Spanish interpreter to review the settlement agreement with Mr. Lema to ensure that he understood the agreement, to ensure that I was satisfied that he understood the agreement, and to ensure that all of his questions were answered.

The attorneys' fees are reasonable considering the amount of time my office spent prosecuting this matter – approximately 87.9 hours investigating and preparing this case.  In 2018, the Honorable Brian M. Cogan, U.S.D.J. found that an hourly rate of $250 was fair and reasonable for my services as co-counsel in the wage & hour class-action titled Polanco et al. v. Srah Bakery, Inc. et al. 1:18-cv-02530-BMC (EDNY).  My firm's attorneys' fees exceed $26,000.00 if they were calculated by an hourly rate of $300.00, which is a reasonable based on Judge Cogan's determination approximately four years ago.

---

[1] FedEx of Demand Letter: $19.61; Filing Fee: $405.00; Service of Complaint $128.00; Spanish Interpreter for Mediation $137.80; Spanish Interpreter for Text Message Translation $41.60.

LAW OFFICES OF THOMAS H. ANDRYKOVITZ, P.C.
Page | 4

My practice focuses on employment law and wage & hour litigation.  I was involved in numerous employment class-actions in New York Supreme Court and the Southern and Eastern Districts of New York including:

<u>Salazar et al. v. Malta et al</u>. 1:17-cv-01267-JSR (SDNY) (Co-Counsel)
<u>Zepeda v. David Oberman et al</u>. Index No. 507766/2017 (Co-Counsel)
<u>De Faria v. La Mela Ristorante Italiano Inc</u>. 1:18-cv-03341-LAP (SDNY) (Co-Counsel)
<u>Polanco et al. v. Srah Bakery, Inc. et al</u>. 1:18-cv-02530-BMC (EDNY) (Co-Counsel)
<u>Simone v. San Pietro Restaurant, Inc. et al</u>. Index No. 151713/2018 (Co-Counsel)
<u>Sisco v. Xpress Distribution, Inc. et al</u>. 1-21-cv-00718-BMC

**Conclusion**

The Parties believe the Settlement Agreement is fair and reasonable. Defendants have agreed to compensate Plaintiff for the wages that he is allegedly owed and the costs of prosecuting this action.  My office has expended significant time and effort investigating Plaintiff's claims, drafting pleadings and other documents, engaging in and answering discovery, and preparing for mediation.  The attorneys' fees take into account the risks of continuing with litigation and the possibility of failing to obtain any recovery for Plaintiff.

Moreover, the Agreement does not frustrate the implementation of the FLSA.  The Agreement does not contain a restrictive confidentiality clause, nor does it include an overly broad release provision.  The release provision is properly tailored to Plaintiff's wages or hours during his employment.

The Parties respectfully request that Your Honor approve the Settlement Agreement because it reflects a reasonable compromise over the contested issues.  Please do not hesitate to contact us if Your Honor has any questions or comments.

Respectfully Submitted,

/s/ Thomas Andrykovitz

Thomas H. Andrykovitz, Esq.
Counsel for Plaintiff

cc	All Counsel of Record (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE LEMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY DIMENSIONS CONSTRUCTION SERVICES, INC., JOHNNY PARADA., ABC CO. 1 through 10, and JOHN DOE 1 through 10.<br>Defendants. | 1:21-cv-11055-PGG-SLC |

### SETTLEMENT, RELEASE, AND WAIVER AGREEMENT

1. This Settlement, Release and Waiver Agreement (hereinafter "Agreement") is entered into this 1st day of August 2022 between JORGE LEMA ("Claimant") and CITY DIMENSIONS CONSTRUCTION SERVICES, INC. and JOHNNY PARADA (collectively referred to as the "Employers") (Claimant and Employers collectively referred to as the "Parties"), in settlement of all disputes between the parties arising out of the claims and/or facts at issue in the above-captioned lawsuit filed on December 24, 2021, in the Southern District of New York, Docket No. 1:21-cv-11055-PGG-SLC (the "Lawsuit").

2. It is expressly understood that this Agreement has been entered into by the Parties in their mutual interest to amicably resolve all disputes in the Lawsuit, and to provide for the manner in which they will hereafter conduct themselves in relation to each other.

3. In consideration for the payment as set forth in Paragraph 4 herein, Claimant knowingly and voluntarily releases and forever discharges Employers and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer

Initial Here: _JL_

1

organizations, administrators, executors, agents, owners, shareholders, employees, and assigns ("RELEASEES"), to the full extent permitted by law, of and from any and all wage and hour claims, and claims asserted in this action, from the beginning of the world up to and including the date of the complete execution of this Agreement ("Released Claims"). If any claim is not subject to release, to the extent permitted by law, Claimant waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employers or any REALEASEES identified in this Agreement is a party as to any of the Released Claims.

    4.    In consideration for Claimant's release of all claims provided for in Paragraph 3, and upon the provision to the Employers by Claimant and his counsel of valid and duly executed an IRS Form W-9 for each of them, Employers agree to pay Claimant the total settlement amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Amount"), consisting of $36,751.99 to be paid to Claimant and $23,248.01 to be paid to Claimant's Counsel (consisting of $732.01 in expense reimbursement and $22,516.00 in attorneys' fees). The SETTLEMENT AMOUNT shall be paid according to the following schedule:

a. THE FIRST PAYMENT. Within thirty (30) days of judicial approval of this Agreement, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

    i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $19,267.99 for which Jorge Lema will receive an IRS Form 1099; and

    ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $10,732.01 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

b. THE SECOND PAYMENT. Within thirty (30) days of the First Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

2

Initial Here: 

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

c. THE THIRD PAYMENT. Within thirty (30) days of the Second Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

d. THE FOURTH PAYMENT. Within thirty (30) days of the Third Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

e. THE FIFTH PAYMENT. Within thirty (30) days of the Fourth Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

3

Initial Here: 

f. THE SIXTH PAYMENT. Within thirty (30) days of the Fifth Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

g. THE FINAL PAYMENT. Within thirty (30) days of the Sixth Payment, Employers shall deliver two (2) checks to Claimant's attorney: Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016:

   i. One (1) check made payable to the order of "Jorge Lema" in the total amount of $2,914.00 for which Jorge Lema will receive an IRS Form 1099; and

   ii. One (1) check made payable to the order of "The Law Offices of thomas H. Andrykovitz, P.C." in the total amount of $2,086.00 for which The Law Offices of Thomas H. Andrykovitz, P.C. will receive an IRS Form 1099.

5. Confession of Judgment. Simultaneously with the execution of this Agreement, Johnny Parada shall execute and deliver to Claimant's attorney, Thomas H. Andrykovitz, Esq., The Law Offices of Thomas H. Andrykovitz, P.C., 260 Madison Avenue, 15 Floor, New York, NY 10016, a confession of judgment in the form attached hereto as Exhibit A ("Confession"). The Confession shall be held in escrow by The Law Offices of Thomas H. Andrykovitz, P.C., and may be released by The Law Offices of Thomas H. Andrykovitz, P.C. from escrow only upon a default (as that term is described in Paragraph 6).

6. Default. If Employers fail to pay on the dates of payments set forth in Paragraph 4 of this Agreement Claimant shall provide written Notice to Employers that they are in breach of the Agreement, and Employers shall have ten (10) days from the date of such Notice to cure such breach (the "Cure Period"). If Employers fail to cure the breach within the Cure Period, Claimant

4

Initial Here: 

may move for default in the amount of One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00), plus attorneys' fees and expenses incurred by Claimant to enforce his rights under this Agreement, less any monies paid by Employers at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

7. <u>Notices</u>. Any notice or other delivery provided for under this Agreement shall be deemed proper if it is sent via overnight traceable mail, either FedEx or UPS, or e-mail as follows:

> For Claimant:
>
> > Thomas H. Andrykovitz, Esq.
> > The Law Offices of Thomas Andrykovitz, P.C.
> > 260 Madison Avenue, 15th Floor
> > New York, NY 10016
> > thomas@thomashenrylaw.com
>
> For Employers:
>
> > City Dimensions Construction Services, Inc. and
> > Johnny Parada
> > 220 Wadsworth Ave., Apt 202,
> > New York, New York 10033

With a copy via email to Employer's counsel, Martin Restituyo, Esq., at Restituyo@restituyolaw.com

5

Initial Here: 

8. <u>Non-Waiver</u>. Any failure or delay on the part of any Party in (i) insisting upon strict performance of any terms, condition, or covenant under this Agreement; (ii) exercising any right, power, remedy, or privilege under this Agreement; or (iii) delivering any notice pursuant to this Agreement, shall not operate as or constitute a waiver of any term, condition, covenant, right, power, remedy, or privilege under this Agreement.

9. <u>Entire Agreement; Amendment; Choice of Law</u>. This Agreement sets forth the entire agreement between the Claimant and the Employers and supersedes any and all prior oral and/or written agreements between them.

This Agreement may not be altered, amended or modified except by a further writing signed by all the parties to this Agreement.

This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

10. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable.

11. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. The Parties represent that they determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, the Parties had an adequate opportunity to discuss and assess the merits their claims. The Parties further represent that their respective counsel and agents have translated this Agreement from English to their native language, Spanish.

12. This Agreement may be executed in counterparts and/or by facsimile.

6

Initial Here: 
J.L

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below.

_____
JORGE LEMA
DATE:

8-7-2022

BY: _____
CITY DIMENSIONS CONSTRUCTION SERVICES, INC.
DATE:

_____
JOHNNY PARADA
DATE:

7

Initial Here: _____

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JORGE LEMA,                                                                      Index No.

                                 Plaintiff,
   -against-

CITY DIMENSIONS CONSTRUCTION
SERVICES, INC. and JOHNNY PARADA,

                                Defendants.
-----------------------------------------------------------------X

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

JOHNNY PARADA, being duly sworn, deposes and says:

1. I reside in the County of New York in the State of New York.

2. I have personal knowledge of the facts set forth in this affidavit and would testify to them in a court of law if called upon to do so.

3. I am a defendant in the action entitled <u>Jorge Lema v. City Dimensions Construction Services, Inc. and Johnny Parada</u>, Docket No. 1:21-cv-11055-PGG-SLC, filed on December 24, 2021 in the United States District Court for the Southern District of New York (the "Lawsuit"). The complaint initiating the Lawsuit is incorporated by reference [ECF 1] (the "Complaint").

4. On or about July 20, 2022, I agreed to pay the total sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) in exchange for the dismissal of the Lawsuit; and the parties thereto executed a Settlement Agreement (the "Agreement"), copies of which are attached hereto as Exhibit A.

1

**EXHIBIT A**

5.  I make this affidavit voluntarily and pursuant to a Settlement and Release Agreement between City Dimension Construction Services, Inc., myself, and Jorge Lema (the "Agreement").

6.  .   Under the terms of the Settlement Agreement, I agreed to execute this Affidavit for Confession of Judgment and I hereby confess judgment in this Court in favor of Jorge Lema for the sum of $120,000.00 less any payments made under the terms of the Settlement Agreement. Further, I hereby authorize Jorge Lema or his successors and/or assigns to enter judgment for that sum against me, individually, in Supreme Court for the State of New York, New York County

7.  Under the terms of the Settlement Agreement, if the defendants fail to make the Settlement Payments (as defined by Paragrah 4 of the Settlement Agreement) of the Sixty Thousand Dollars, Plaintiff shall provide ten (10) calendar days' notice to the defendants, as provided for and set forth in Paragraph 6 the Agreement, of his intent to file the Affidavit for Confession of Judgment with the Court. I shall have ten (10) calendar days to remedy a default.

8.  This confession of judgment is for a debt justly due to Jorge Lema pursuant to the Agreement, which resolved claims against me for monetary and liquidated damages as set forth more fully in the Complaint. I acknowledge that the judgment that I have authorized entry of against me represents wages owed to Jorge Lema pursuant to the Fair Labor Standards Act ("FLSA").

9.  This Confession secures the payment of a sum due and owing in the event that City Dimensions Construction Services, Inc. and/or myself fail to comply with the Agreement. Jorge Lema's attorneys are holding this confession in escrow subject to my compliance with the Agreement.

2

**EXHIBIT A**

10. I acknowledge that the sum confessed does not exceed the amount of my liability in the event of Default.

**ACKNOWLEDGMENT**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF          )

On the 4th day of August 2022, before me, the undersigned, a notary public in and for the State of New York, personally appeared Johnny Parada, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to be that he executed the same in his individual capacity, and in his capacity as chief executive officer of City Dimensions Construction Services, Inc. and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.



ESTITUYO
TE OF NEW YORK
02RE6418174
York County
6/1/25

3