# THE LAW OFFICES OF
# THOMAS H. ANDRYKOVITZ, P.C.
260 MADISON AVE, 15th FLOOR
NEW YORK, NY 10016
(917) 719-0505

MEMBER OF THE NY & NJ BARS                                   E-MAIL-THOMAS@THOMASHENRYLAW.COM

VIA ECF

August 9, 2022

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    Jorge Lema v. City Dimensions et al.
           1:21-cv-11055 (PGG) (SLC)

Dear Judge Gardephe,

This law firm represents Jorge Lema ("Plaintiff") in the above captioned matter. With the consent of counsel for Defendants, I submit this letter requesting the Court's approval of the Parties' settlement. Annexed hereto is a copy of the Parties' fully executed Settlement Agreement (the "Agreement").

**MEMO ENDORSED:** Plaintiff's counsel is directed to submit the retainer agreement with Plaintiff and to justify the request for a 38% attorney's fee payment, which exceeds the usual one-third amount. Plaintiff's supplemental submission will be filed by September 26, 2022.

**SO ORDERED:**
Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: Sept. 19, 2022

### Terms of the Agreement

Defendants shall pay a total settlement amount of $60,000.00, which shall be paid over the period of seven months. The first payment is due within 30 days of the Court's approval. The second payment is due within 30 days of the first payment, with each subsequent payment due within 30 days thereafter.

### Background and Litigation

Plaintiff worked for Defendants from 2013 until about April 16, 2021. Plaintiff brought the lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") by failing to pay Plaintiff overtime premiums, failing to issue wage notices, and failing to issue wage statements.

Plaintiff worked six (6) days per week - Monday through Saturday. His workday began at 8:00 a.m. and ended around 5:00 p.m. Defendants occasionally directed Plaintiff to work longer hours, including working on Sunday. In exchange, Defendants allegedly paid Plaintiff a daily rate throughout his employment. These rates remained the same regardless of the nature of the work that Defendants directed Plaintiff to perform. These daily rates denied Plaintiff a significant amount of overtime compensation.

LAW OFFICES OF THOMAS H. ANDRYKOVITZ, P.C.
Page | 2

We prepared the first damage calculation based on these daily rates and Plaintiff's weekly schedule. It was labor intensive because we had to recreate most of the last six years of Plaintiff's employment. Defendants vigorously denied these claims, Plaintiff's alleged worktime, and the Parties proceeded to discovery and mediation.

The mediation took place on May 18, 2022 and again on July 20, 2022. Both parties prepared extensive mediation statements. Counsel conferred several times during that period and exchanged interrogatories and document requests. At the direction of the mediator, we prepared research for Defendants' counsel on the authority to calculate an hourly wage based on a daily/weekly payrate. The Parties, with the help of the mediator, were able to narrow the dispute and identify Defendants' difficulty in paying a significant judgment. Defendants produced limited records during the mediation that enabled Plaintiff to refine the damage calculation.

The total amount of the settlement is fair and reasonable considering the strength of the case. Neither party maintained contemporaneous time records. Therefore, Plaintiff would be required to corroborate his worktime with uncooperative third-party witnesses and limited text messages.

### Only Wage & Hour Claims are Released

Plaintiff is only settling his FLSA and NYLL wage and hour claims. He is not settling any other claims or waiving his rights to unrelated claims. There is no confidentiality provision in the settlement agreement. There is no restraint on counsel's handling of any future case against Defendants.

### The Settlement is Fair and Reasonable

The proposed settlement is fair and reasonable compromise of the disputed issues. *See Wolinsky v. Scholarstic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

(1) The settlement amount is within Plaintiff's range of recovery. Plaintiff's range of recovery was between $10,000.00 (NYLL 195 Statutory Damages) and approximately $120,000.00 (Statutory Damages plus the maximum calculated overtime damages). The maximum calculated overtime damages were vulnerable to discount factors such as holidays and shutdown from the COVID-19 pandemic. Here, Defendants' ability to pay a significant judgment is a major factor.

(2) The settlement will enable the parties to avoid unanticipated burdens and expenses in establishing their respective defense. Substantiating Plaintiff's claims would present certain problems with respect to winning at trial. The witnesses that Plaintiff would need to corroborate his claims at trial were unwilling to come forward and would likely be uncooperative. Also, Plaintiff would need to examine Defendants' claim that Plaintiff received regular cash payments in addition to the payments he received by check. That would require review an analysis of years of bank records, assuming those records still exist.

Case 1:21-cv-11055-PGG-SLC   Document 18   Filed 09/19/22   Page 3 of 4
Case 1:21-cv-11055-PGG-SLC   Document 16   Filed 08/09/22   Page 3 of 14

LAW OFFICES OF THOMAS H. ANDRYKOVITZ, P.C.
Page | 3

(3) Plaintiff faced serious litigation risks. Plaintiff needed additional witnesses to prove his case. Plaintiff had to establish his worktime over the last six years without the help of contemporaneous time records or favorable witnesses. This is not an easy hurdle because the was substantial evidence against the Plaintiff. Plaintiff also needed to establish that he was an employee and not an independent contractor. This again is a complicated issue with a very detailed factual inquiry. Defendant, with his access to current employees, would have the advantage of arranging the witnesses and securing their participation.

(4) The agreement was the product of an arms-length negotiations. The attorneys for the parties were deadlocked and relied on the mediator to break through the deadlock. Correspondence between counsel would demonstrate that neither attorney colluded with the other, and that both counsels vigorously advocated for their clients through the drafting of the settlement documents. Both attorneys are well versed in the FLSA and instinctively knew the strengths and weaknesses of this case.

(5) There was no possibility of fraud or collusion as both attorneys were ready to litigate if the July 20, 2022 mediation failed. On that date, Defendants discovery responses were past due and Plaintiff prepared to file a discovery motion if the case had not settled.

### Collecting from a Small Construction Company Presents Problems

Whether Defendants could pay a significant judgment became a serious concern by the second mediation. Based on certain information shared during the mediation, Plaintiff agreed to accept the settlement amount over a period of seven months in exchange for a confession of judgment in the amount of $120,000.00. The confession will be held in trust by Plaintiff's counsel and destroyed upon successful completion of all settlement payments.

### Attorneys' Fees

Under this agreement, Plaintiffs' attorneys' fees are $22,516.00, approximately thirty-eight percent (38%) of the net recovery. The total costs were $732.00.[1] Also, at no cost to Mr. Lema, my firm hired a Spanish interpreter to review the settlement agreement with Mr. Lema to ensure that he understood the agreement, to ensure that I was satisfied that he understood the agreement, and to ensure that all of his questions were answered.

The attorneys' fees are reasonable considering the amount of time my office spent prosecuting this matter – approximately 87.9 hours investigating and preparing this case. In 2018, the Honorable Brian M. Cogan, U.S.D.J. found that an hourly rate of $250 was fair and reasonable for my services as co-counsel in the wage & hour class-action titled <u>Polanco et al. v. Srah Bakery, Inc. et al.</u> 1:18-cv-02530-BMC (EDNY). My firm's attorneys' fees exceed $26,000.00 if they were calculated by an hourly rate of $300.00, which is a reasonable based on Judge Cogan's determination approximately four years ago.

---

[1] FedEx of Demand Letter: $19.61; Filing Fee: $405.00; Service of Complaint $128.00; Spanish Interpreter for Mediation $137.80; Spanish Interpreter for Text Message Translation $41.60.

LAW OFFICES OF THOMAS H. ANDRYKOVITZ, P.C.
Page | 4

      My practice focuses on employment law and wage & hour litigation. I was involved in numerous employment class-actions in New York Supreme Court and the Southern and Eastern Districts of New York including:

      <u>Salazar et al. v. Malta et al</u>. 1:17-cv-01267-JSR (SDNY) (Co-Counsel)
      <u>Zepeda v. David Oberman et al</u>. Index No. 507766/2017 (Co-Counsel)
      <u>De Faria v. La Mela Ristorante Italiano Inc</u>. 1:18-cv-03341-LAP (SDNY) (Co-Counsel)
      <u>Polanco et al. v. Srah Bakery, Inc. et al</u>. 1:18-cv-02530-BMC (EDNY) (Co-Counsel)
      <u>Simone v. San Pietro Restaurant, Inc. et al</u>. Index No. 151713/2018 (Co-Counsel)
      <u>Sisco v. Xpress Distribution, Inc. et al</u>. 1-21-cv-00718-BMC

**Conclusion**

      The Parties believe the Settlement Agreement is fair and reasonable. Defendants have agreed to compensate Plaintiff for the wages that he is allegedly owed and the costs of prosecuting this action. My office has expended significant time and effort investigating Plaintiff's claims, drafting pleadings and other documents, engaging in and answering discovery, and preparing for mediation. The attorneys' fees take into account the risks of continuing with litigation and the possibility of failing to obtain any recovery for Plaintiff.

      Moreover, the Agreement does not frustrate the implementation of the FLSA. The Agreement does not contain a restrictive confidentiality clause, nor does it include an overly broad release provision. The release provision is properly tailored to Plaintiff's wages or hours during his employment.

      The Parties respectfully request that Your Honor approve the Settlement Agreement because it reflects a reasonable compromise over the contested issues. Please do not hesitate to contact us if Your Honor has any questions or comments.

      Respectfully Submitted,

      /s/ Thomas Andrykovitz

      Thomas H. Andrykovitz, Esq.
      Counsel for Plaintiff

cc    All Counsel of Record (via ECF)